```
                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF VERMONT

Hunt Construction Group, Inc.,      :
                                    :
          Plaintiff,                :
                                    :
              v.                    :      File No. 1:09-CV-54
                                    :
Brennan Beer Gorman / Architects,   :
LLP and Wilson Associates,          :
                                    :
          Defendants.               :
```

ORDER ON DEFENDANTS' MOTIONS TO STAY AND PLAINTIFF'S
MOTION TO DISMISS BRENNAN BEER GORMAN'S COUNTERCLAIMS
             (Papers 14, 19 and 20)

I.  Introduction

This case arises from the construction of the Stowe Mountain Lodge (the "Project"), a resort hotel and spa in Vermont. Hunt Construction Group ("Hunt") was the contractor for the Project, Brennan Beer Gorman / Architects, P.C. ("BBG") was the architect, and Wilson Associates ("Wilson") was the interior designer.

BBG, BBG's consultants, and Wilson (the "Design Team") were responsible for preparing and delivering to Hunt certain construction drawings Hunt used to establish a Project schedule and final guaranteed maximum price for the Project. Hunt alleges the drawings were untimely and contained errors which caused substantial delay to the Project. Hunt also alleges the Design Team failed to timely and adequately review shop drawings and respond to requests for information, which also resulted in

1

delay.  Hunt filed a civil action in this Court (Docket No. 1:08-cv-65) against the current Defendants and two other parties based on these allegations, and this Court dismissed those claims under Vermont's economic loss rule.  Hunt appealed the dismissal, and that case is now fully briefed before the Second Circuit.

Hunt subsequently purchased, and the Project Owner assigned, the Owner's causes of action against the Defendants based on the alleged delays, and Hunt filed the current action pursuant to the assignment.  BBG has filed counterclaims against Hunt, as the Owner's assignee, for breach of contract, account stated, unjust enrichment and quantum meruit ("the counterclaims").  The motions before the Court are Defendants BBG & Wilson's motions to stay this action pending resolution of the appeal and Plaintiff's motion to dismiss Defendant BBG's counterclaims.

II.  Motions to Stay

Defendants Wilson and BBG move the Court to stay this action "to avoid unnecessary and potentially duplicative" discovery. (Papers 14, 19.)  Hunt opposes the motion, arguing delay could result in loss of evidence and would preclude Hunt from accessing any funds obtained if successful on the claims.  "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706, 117 S. Ct. 1636, 1650 (1997).  "The proponent of a stay bears the burden of establishing its need." Id. at 708.  Where

"there is even a fair possibility that the stay . . . will work damage to some one else," "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward." Landis v. N. Am. Co., 299 U.S. 248, 255, 57 S. Ct. 163, 166 (1936). Defendants have not made this showing. The mere possibility of duplicative discovery does not establish a clear case of hardship in the face of Plaintiff's objections to the stay. Defendants' motions to stay are DENIED.

III. Motion to Dismiss BBG's Counterlcaims

BBG has filed counterclaims against Hunt as the assignee of its contract with the Project Owner. First, Hunt moves to dismiss these claims arguing it did not assume the Owner's contractual duties or obligations to BBG by virtue of the assignment. Rather, Hunt claims the Owner assigned only its causes of action and contract rights. Under Vermont law, "[t]he assignee of a contract is usually not liable to the other contracting party to the contract assigned unless such liability has been expressly or impliedly assumed by the assignee." Shepard v. Commercial Credit Corp., 123 Vt. 106, 110, 183 A.2d 525 (1962).[1] The assignment contract language shows no express

---

[1] In Kelly v. Lord, 173 Vt. 21, 783 A.2d 974 (2001), the Vermont Supreme Court cited in a footnote The Restatement (Second) of Contracts § 328(1) (1981) which states, "Unless the language or the circumstances indicate the contrary . . . an assignment of 'the contract' or of 'all my rights under the contract' or an assignment in similar general terms is an assignment of the assignor's rights and a delegation of his

3

assumption of these liabilities.  Paragraph 12 of the Settlement

Agreement, entitled "Assignment of Cause of Action," states:

> In consideration of the obligations and
> duties set forth in this Agreement, Owner
> will provide 30 days written notice to
> Architect and its consultants that Owner will
> assign and transfer all causes of action that
> Owner may have against the project architect,
> Brennan Beer Gorman Architects, or other
> project consultants and engineers with whom
> the Owner had any design services agreement.
> Owner further assigns to Hunt its contract
> with the project architect, consultants and
> engineers.

(Paper 20-2 at 6-7.)  Paragraph 13 of the Settlement Agreement,

entitled "Purchase of Cause of Action," states:

> The parties further agree that by the mutual
> consideration contained in this Agreement
> Hunt has purchased the rights of all causes
> of action that Owner may have against the
> project architect, Brennan Beer Gorman
> Architects, or other project consultants and
> engineers with whom Owner had any design
> services agreement.  The parties further
> agree that by the mutual consideration
> contained in this Agreement that Hunt has
> purchased the contract rights of the Owner
> with the project architect, consultants and
> engineers.

(Paper 20-2 at 7.)  BBG argues Paragraph 12's language stating

"Owner further assigns to Hunt its contract with the project

architect, consultants and engineers" proves the assignment was

---

unperformed duties under the contract." Id. at 37 n.3.  While this citation may indicate a shift in Vermont law's approach to interpreting assignments, no Vermont court has relied on this assumption in its holding, and the Court does not adopt it here.

4

for more than just the Owner's causes of action, or at the very least shows the assignment is ambiguous.[2] The Court agrees the assignment is ambiguous, but under Vermont law, a contractual assignment of liability must be "expressly" assumed. Shepard, 123 Vt. at 110. The Court also finds no implied assumption by Hunt's conduct. See Kelly v. Lord, 173 Vt. 21, 38, 783 A.2d 974 (2001).

BBG next argues that even if Hunt did not assume the Owner's liabilities, BBG should be permitted to assert its counterclaims as a set-off to any possible recovery by Hunt. In Shepherd, the Vermont Supreme Court affirmed "the well settled doctrine . . . that a counterclaim or setoff against an assignee of a conditional sale contract, based on a claim against the assignor, can only be used defensively and not affirmatively." 123 Vt. at 110. Hunt argues this holding is limited expressly to conditional sales contracts. While the quote above referS to a conditional sales contract, the type of contract at issue in that case, the Vermont Supreme Court cited as support for its holding multiple cases not involving conditional sales contracts. See, e.g., Standard Insulation & Window Co. v. Dorrell, 309 S.W.2d 701 (1958) (holding, in action by assignee of a note, "It is well settled that in an action by an assignee, a claim in favor of

---

[2] BBG also points to Paragraph 13's language stating Hunt "purchased the contract rights" for this same proposition.

5

defendant against the assignor can be allowed as a set-off, counterclaim, or reconvention only to the extent of the claim sued on, and judgment cannot be rendered against the assignee for the excess."); Armstrong v. Noble, 55 Vt. 428 (1883) (also applying this principle in context of a note).  Moreover, the Vermont Supreme Court has held that "[t]he assignee of a chose in action takes it subject . . . to all equities between the assignor and the debtor."  Downer v. S. Royalton, 39 Vt. 25, 1866 WL 3017 (1866).  Thus, BBG may assert its counterclaims as a defense in this action.

Hunt also argues BBG's counterclaims for unjust enrichment and quantum meruit must be dismissed because an express contract existed between the parties.  BBG contends it may plead inconsistent causes of action under the Federal Rules of Civil Procedure, and thus it may plead both unjust enrichment and breach of contract.  Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").  There is no factual record at this point for the Court to determine whether an express contract existed between the parties regarding the claims at issue.  The motion is DENIED.

V.  Conclusion

Defendants' motions to stay (Papers 14, 19) are DENIED. Plaintiff's motion to dismiss counterclaims is GRANTED in part and DENIED in part.  Defendant BBG's counterclaims, including its

claims for unjust enrichment and quantum meruit, are not dismissed, but may be asserted only defensively as a set-off to any recovery by Hunt.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 5th day of August, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge