UNITED STATES DISTRICT COURT
IN THE DISTRICT OF VERMONT

| | |
|---|---|
| HUNT CONSTRUCTION GROUP, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRENNAN BEER GORMAN / ) <br> ARCHITECTS, LLP and WILSON ) <br> ASSOCIATES, ) <br> ) <br> Defendants. ) | Case No. 1:09-cv-00054 <br><br> Honorable Garvan Murtha |

## UNCONTESTED MOTION FOR ENTRY OF STIPULATED DISCOVERY SCHEDULE AND AGREED PROTECTIVE ORDER

Plaintiff, Hunt Construction Group, Inc. ("Hunt"), by its attorneys, for its Uncontested Motion for Entry of Stipulated Discovery Schedule and Agreed Protective Order, states as follows:

1. Hunt filed its complaint in this matter on March 3, 2009.

2. Wilson Associates ("Wilson") and Brennan Beer Gorman / Architects, LLP ("BBG") filed their answers to Hunt's complaint on May 1 and May 4, 2009, respectively.

3. Wilson and BBG also filed motions to stay this litigation on May 22 and May 29, 2009, respectively.

4. Counsel for Hunt contacted a clerk at the Federal District Court for the District of Vermont to inquire whether the parties should delay filing a 26(f) stipulated discovery schedule until the motions to stay were ruled upon. The clerk advised counsel that the Parties did not have to file a 26(f) stipulated discovery schedule until after the motions to stay were decided.

5. On August 5, 2009, this Court denied Wilson and BBG's motions to stay.

6. On September 11, 2009, the Parties held a 26(f) conference to discuss and agree on a Stipulated Discovery Schedule, which is attached hereto as <u>Exhibit A</u>.

7. As this Court is aware, this matter arises out of the construction of a resort hotel and spa in Stowe, Vermont (the "Project".) Hunt has brought this lawsuit as the assignee of the owner of the Project (the "Owner"). Hunt has alleged, in part, that the Owner suffered damages when the Project was delayed due to design errors and omissions on the part of Wilson and BBG.

8. The Parties have had several lengthy discussions regarding the most efficient manner in which to resolve this dispute. Of particular concern to all Parties is the amount of time and expense that could be involved were this matter litigated to trial, due to the voluminous nature of the relevant documents and the potentially vast number of fact witnesses.

9. In light of these considerations, the Parties have agreed to engage in limited discovery with eye toward resolving this matter via mediation. Specifically, the Parties have agreed to exchange their documents and project files in advance of the mediation, and Hunt has also agreed to share its expert's report. However, due to the voluminous nature of the documents and project files, all Parties will require more time than is typically allotted to review their own files prior to production, review each others' files upon production, and assess which materials are relevant for purposes of the mediation. To give the Parties sufficient time to complete these tasks and to accommodate the schedules of counsel, the Parties have agreed to mediate this case on February 9, 2010 and March 17 – 18, 2010.

10. The first day of mediation, scheduled for February 9, will provide Hunt with the opportunity to present its claim to BBG and Wilson. The second day of the mediation, scheduled for March 17, will afford BBG and Wilson the opportunity to present their cases. The Parties will then work with the mediator to attempt to reach a resolution of this matter. This process

may require a third day of mediation, which is scheduled for March 18. The Parties have agreed that Michael Marks, a local mediator with extensive experience mediating construction disputes, will preside over the mediation. In the event that mediation proves unsuccessful, the Parties will proceed with oral fact discovery and expert discovery.

11. The Parties expect oral fact discovery to be a lengthy process, as there are numerous relevant project personnel who would need to be deposed, many of whom are non-parties. As such, the Parties have allotted five and a half months after the completion of the mediation to complete those depositions, in the event they are necessary. Adding sufficient additional time to disclose and depose all experts, as well as engage in pre-trial motion practice, the Parties arrived at a trial-ready date of March 15, 2011.

12. The Parties realize that the Stipulated Discovery Schedule attached as <u>Exhibit A</u> extends beyond the eight months typically allotted for discovery by this Court. The Parties believe extended time is warranted, particularly in light of the Parties' joint belief that this matter can be resolved via mediation with limited discovery. This approach will conserve the resources of both this Court and the Parties if the mediation is successful. If this matter is not resolved at the mediation, the extensive discovery that will be involved in a case of this nature further warrants a longer discovery schedule. Therefore, the Parties respectfully request that this Court enter the Stipulated Discovery Schedule attached as <u>Exhibit A</u>. If this Court would like the opportunity to further discuss this matter with counsel, counsel can make themselves available for a telephone conference at the Court's convenience.

13. In addition, and in order to further expedite the Parties' document exchange, the Parties also respectfully submit for entry by this Court an Agreed Protective Order Regarding

Inadvertent Disclosure of Privileged Documents in Discovery. The proposed protective order is attached hereto as Exhibit B.

14. Counsel for Hunt have discussed this matter with counsel for BBG and Wilson, and counsel for BBG and Wilson do not object to the entry of the proposed orders attached hereto as Exhibits A and B.

WHEREFORE, Plaintiff, Hunt Construction Group, Inc. respectfully requests that this Court enter the Stipulated Discovery Schedule attached hereto as Exhibit A and the Agreed Protective Order Regarding Inadvertent Disclosure of Privileged Documents in Discovery attached hereto as Exhibit B and for such other and further relief as this Court deems just and appropriate.

Dated: October 2, 2009                                   HUNT CONSTRUCTION GROUP, INC.


/s/ Jean M. Gallo
Steven G.M. Stein, Esq., admitted *pro hac vice*
Joel J. Rhiner, Esq., admitted *pro hac vice*
Jean M. Gallo, Esq., admitted *pro hac vice*
222 West Adams Street
Suite 1800
Chicago, Illinois 60606
(312) 641-3700

Of counsel:

/s/ David W.M. Conard

David W.M. Conard, Esq.
Erin Miller Heins, Esq.
Langrock, Sperry & Wool LLP
210 College Street
P.O. Box 721
Burlington, Vermont 05402
(802) 864-0217

185588                                               4